### KIRCHER v BALTIMORE & OHIO RD CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4952.   Decided May 11, 1936

Ratterman, Cowell & Fletcher, Cincinnati, for plaintiff in error.

Waite, Schindel & Bayless, Cincinnati, and Philip J. Schneider, Cincinnati, for defendant in error.

### OPINION

By ROSS, PJ.

This is a proceeding brought to reverse a judgment of the Court of Common Pleas of Hamilton County, by which a judgment of the Municipal Court of Cincinnati, in favor of the plaintiff therein, was reversed. The parties will be referred to as they appeared in the trial court.

The plaintiff brought suit to recover relief benefits under a regulation of the relief department of the defendant company, providing as follows:

"Benefits on account of accidental injury will be paid only when shown by evidence satisfactory to the Superintendent to have been received by the member while actually engaged in the performance of duty in the service to which he was assigned, or in voluntarily protecting the Company's property. In all cases there must be external or other positive evidence of injury, and the person claiming benefits must produce proofs satisfactory to the Superintendent that the disablement is the direct result of accidental injury received as aforesaid, and renders the member totally unable to labor, or, when of a permanent character, to earn a livelihood in any employment. In case of death it must be shown to have occurred solely by reason of and within fifty-two (52) weeks after an accidental injury received as aforesaid, and the benefits payable in the event of such death shall in no case exceed the amount payable under the accidental death benefit of the class to which the member belonged by virtue of his accepted application at the time of his death.   Death after fifty-two (52) weeks above limited will be treated as death from natural causes.   The results of injuries received otherwise than in the performance of duty as aforesaid, will be treated as sickness or death from natural causes."

Plaintiff alleged that he was totally disabled from performing his duties as brakeman or yard conductor. He asked for relief benefits from June 7, 1932, until March 7, 1933.

He was injured on October 15, 1920. At that time his arm was dislocated at the shoulder.   From that time until his discharge, June 7, 1932, almost any strain on his left arm caused a dislocation.   At the time of his discharge the company made the following notation;

"On April 30th, 1932, Yard Foreman E. A. Kircher dislocated his left shoulder account slipping on wet platform in Central Union Depot, Cincinnati. Investigation developed that Kircher had had his left shoulder dislocated on four previous occasions and that the conditions affecting the use of his shoulder are such that it is very easily dislocated with the probability of a recurrence of this trouble. He is therefore not considered safe in any occupation requiring even muscular effort in connection with his left arm, was ordered relieved from train service and taken out of service June 7th, 1932. DB 4016-R."

The bill of particulars confined the claim of the plaintiff for benefits to **total disability** for a limited period. No claim was made for benefits based upon **permanent** disability. It will be noticed that award of benefit is made in the alternative, predicated upon injuries which render the member **totally unable to labor** or if the injuries are permanent in character **unable to earn a livelihood in any employment.** There can be no question in this case that the evidence clearly shows that the plaintiff has received injuries of a **"permanent character."** Is he then, being totally disabled, bound to show that he is unable to **earn a livelihood in any employment?"**

It is, of course, axiomatic that the contract written by the defendant while requiring a reasonable interpretation of the language used, if ambiguous, must be construed most strongly in favor of the member. If, however, the words used are plain in their meaning, there is no occasion to employ any emphasis one way or the other. Applying the terms of the contract to the facts, it appears that the member is not totally disabled, that his injuries are of a permanent character, and that they obviously do not render him unable to earn a livelihood in any employment.

The bill of particulars limits the plaintiff's claim to total disability "from performing his duties as a yard brakeman or yard conductor."

The claim is not based upon a claim that the injuries are of a permanent character, preventing the earning of a livelihood in any employment. If such were the claim, it could not be sustained. On the other hand, the member is not **totally** disabled. The member insists that he is able to work. The fact really demonstrated is simply that by reason of a permanently injured shoulder he is unable to work as a brakeman or conductor or in any capacity requiring the use of his left arm. The jury specifically found in its answer to an interrogatory that the member, notwithstanding his injury, could earn a livelihood in some clerical or other kind of employment. The verdict in favor of the member based upon permanent disability preventing employment in any wise was therefore not in conformity to the answer to the interrogatory, and judgment should have been given notwithstanding the verdict for the defendant Railroad Company.

The problem presented is simply one of applying the facts to the plain terms of the contract. We find that the evidence amply sustains the contention of the member that he is able to work, and the special finding of the jury to the same effect.

The judgment of the Court of Common Pleas in reversing the judgment of the Municipal Court is affirmed. The remand of the case by the Court of Common Pleas to the Municipal Court of Cincinnati for a new trial is reversed, and judgment may be here entered for the defendant in error, Railroad Company.

MATTHEWS and HAMILTON, JJ, concur.